**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 13-4935**

─────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JOHN KELVIN ELLIS,

          Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:06-cr-00232-REP-1)

─────────

Submitted:  June 18, 2014          Decided:  July 1, 2014

─────────

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Valencia D. Roberts, Assistant Federal Public Defenders, Richmond, Virginia, for Appellant.  Jessica D. Aber, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Kelvin Ellis appeals the twenty-four-month sentence imposed upon revocation of his term of supervised release. Ellis' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the sentence imposed is plainly procedurally unreasonable. Ellis was advised of his right to file a pro se supplemental brief, but he did not file one. We affirm.

The district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). Thus, we will not disturb a sentence imposed after revocation of supervised release that is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006). In making this determination, "we follow generally the procedural and substantive considerations" used in reviewing original sentences. Id. at 438.

A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors, id. at 439, and has adequately explained the sentence chosen, though it need not explain the

2

sentence in as much detail as when imposing the original sentence. Thompson, 595 F.3d at 547. A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440. If, based on this review, the appeals court decides that the sentence is not unreasonable, it should affirm. Id. at 439.

In the initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than when we apply the reasonableness review to sentences imposed after a criminal conviction. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence unreasonable must we decide whether it is "plainly" so. Id. at 657.

Ellis first contends that his supervised release revocation sentence is plainly procedurally unreasonable because the court failed to calculate his criminal history category. Ellis' original sentence was not a Guidelines sentence and no criminal history category was determined at the time he was originally sentenced. Under these "rare" circumstances, the Policy Statement directs that "the court shall determine the criminal history category that would have been applicable at the time the defendant was originally sentenced to the term of

3

supervision." U.S. Sentencing Guidelines Manual § 7B1.4 cmt. n.1, p.s. (2005).

Ellis would have been in criminal history category VI at the time he was originally sentenced to a term of supervision. His supervised release violation, namely commission of a crime (a state offense of possession with intent to distribute cocaine), was a Grade A supervised release violation. See USSG § 7B1.1(a)(1) (establishing that a state controlled substance offense punishable by twenty years or more in prison is a Grade A supervised release violation). A Grade A violation and placement in criminal history category VI yields a policy statement range of thirty-three to forty-one months' imprisonment. USSG § 7B1.4(a) (Revocation Table). However, because the statutory maximum term was two years, 18 U.S.C. § 3583(e)(3) (2012), the maximum sentence the court could impose was twenty-four months. See USSG § 7B1.4(b)(1) (substituting statutory maximum for Policy Statement range "[w]here the statutorily authorized maximum term of imprisonment that is imposable upon revocation is less than the minimum of the applicable [Policy Statement] range"). Therefore, any failure by the district court to calculate the criminal history category and resulting Policy Statement range had no impact on Ellis' sentence and did not render the sentence plainly procedurally unreasonable.

Next, Ellis argues that his sentence was plainly procedurally unreasonable because the district court relied on a prohibited statutory sentencing factor, namely the need to promote respect for the law. The statute governing supervised release provides that a court can revoke supervised release and impose a term of imprisonment after considering certain enumerated 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3583(e)(3) (2012). Section 3583(e) lists all the § 3553(a) factors except for those in § 3553(a)(3) ("the kinds of sentences available") and those in § 3553(a)(2)(A) ("the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense").

In imposing the twenty-four-month sentence, the court considered § 3553(a) factors enumerated in § 3583(e)(3), including the need to protect the public and to deter Ellis and others from future criminal conduct. See 18 U.S.C. § 3553(a)(2)(B), (C). However, the court also explicitly considered the need to promote respect for the law, a factor derived from 18 U.S.C. § 3553(a)(2)(A), which the district court may not consider under § 3583(e)(3). See Crudup, 461 F.3d at 439 (stating that a court may not impose a revocation sentence based upon § 3553(a) factors that are not enumerated in § 3583(e)).

5

This court has recently held, however, that "a district court's reference to the § 3553(a)(2)(A) sentencing considerations, without more, [does not] automatically render a revocation sentence unreasonable." United States v. Webb, 738 F.3d 638, 642 (4th Cir. 2013). Although in Webb we warned that a revocation sentence should not be "based predominately on the [§ 3553(a)(2)(A) factors], . . .," we also noted that "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." Id.

Here, the district court's consideration of an impermissible factor went hand-in-hand with its consideration of appropriate § 3553(a) factors. While the court cited the need for Ellis' sentence to promote respect for the law, it did so in conjunction with authorized § 3553(a) factors, namely the need to protect the public and provide deterrence, both to Ellis and others. We therefore conclude, pursuant to Webb, that the district court's consideration of a prohibited § 3553(a)(2)(A) factor was not plainly unreasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm. This court requires that counsel inform Ellis, in writing, of his right to petition the Supreme

6

Court of the United States for further review.  If Ellis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Ellis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>